UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE SUBPOENA OF AMAZON.COM | CASE NO. C20-0450JLR<br><br>ORDER |
| Underlying case:<br>JAMES PORATH,<br>    Plaintiff,<br> v.<br>LOGITECH, INC.,<br>    Defendant. | CASE NO. C18-3091WHA (N.D. CAL.) |

## I. INTRODUCTION

This matter arises out of a proposed class action lawsuit that Plaintiff James Porath filed against Defendant Logitech, Inc. ("Logitech") and that is presently pending in

ORDER - 1

federal district court in the Northern District of California.  Before the court is Plaintiff James Porath's motion to compel non-party Amazon.com to produce documents in response to a subpoena issued in the Northern District of California lawsuit.  (Mot. (Dkt. # 1).)  The subpoena seeks "[d]ocuments sufficient to identify the Email Address of each Person who purchased at least one Z200 from [Amazon.com]."  (*See* Howard Decl. (Dkt. # 3) ¶ 3, Ex. A at 2.)  The subpoena defines a "Z200" as a "Logitech Z200 speaker set."  (*Id.* ¶ 3, Ex. A at 1.)  The purpose of the subpoena is to provide information that will assist Mr. Porath's counsel to provide notice to putative class members that the lawsuit will be dismissed unless a new class representative intervenes in the Northern District of California lawsuit.  (*See id.* ¶ 4; *see also* Mot., Ex. 2.)  Mr. Porath seeks either (1) the transfer of this proceeding to the federal district court in the Northern District of California pursuant to Federal Rule of Civil Procedure 45(f); or (2) enforcement of the subpoena against Amazon.com.  (*See id.* at 3-4.)  Amazon.com opposes Mr. Porath's motion and asks the court to deny both the transfer of this case and the enforcement of the subpoena.  (*See* Resp. (Dkt. # 2) at 3-6, 9-13.)  Alternatively, Amazon.com argues, the court should permit Amazon.com to comply with the subpoena by sending a direct email notice to its own customers.  (*Id.* at 6-9.)  The court now considers Mr. Porath's motion.

## II.   BACKGROUND & ANALYSIS

In May 2018, Mr. Porath filed a putative class action lawsuit against Logitech in federal district court in the Northern District of California.  (*See* Mot., Ex. 1.)  Mr. Porath alleges that Logitech falsely advertised the number of "drivers" in a popular set of

1  computer speakers.  (*See id.*)  In November 2019, the court denied Mr. Porath's motion
2  for class certification, concluding that the proposed class representative was inadequate.
3  (*See* Mot. at 1; Resp. at 2.)

4      After Mr. Porath's counsel notified the federal district court in the Northern
5  District of California that they would not be proposing a new class representative, the
6  court ordered Mr. Porath's counsel to "submit a proposed notice to absent class members
7  of the demise of this class action, as well as a plan of distribution."  (*See* Mot., Ex. 2); *see*
8  *also* Fed. R. Civ. P. 23(d).  The federal district court in the Northern District of California
9  also directed that the proposed notice "shall, among other options, give putative class
10 members sixty days to intervene as the putative class representative, with their own
11 counsel, before this case will be dismissed."  (*See* Mot., Ex. 2.)  Because Logitech does
12 not possess contact information for members of the putative class, Mr. Porath's counsel
13 proposed a notice plan centered on issuing subpoenas requesting documents to nine (9)
14 major retailers of the Logitech speakers, including Amazon.com.  (*See id.* at 1.)  The
15 federal district court in the Northern District of California approved Mr. Porath's
16 counsel's proposed notice and plan of distribution and ordered counsel to "promptly
17 notify the Court of any delay in response to the subpoenas."  (*See id.*, Ex 4.)

18     Mr. Porath's counsel issued subpoenas to nine (9) retailers in January 2020.  (*See*
19 *id.*, Exs. 5-6.)  Seven of the nine retailers produced documents.  (*See id.*, Ex. 5 at 2.)
20 Amazon.com did not produce documents, but instead served objections in response to the
21 subpoena.  (*See id.*, Ex. 7.)  Mr. Porath's counsel filed this motion in the Western District
22 of Washington, where Amazon.com's headquarters is located, asking the court to either

enforce the subpoena or to transfer enforcement of the subpoena to the Northern District of California.  (*See generally* Mot.)  As noted above, Amazon.com opposes both requests, but also asks, alternatively, that the court permit Amazon.com to send its own direct email notice to its customers.  (*See generally* Resp.)

The court first considers whether it should transfer this motion to the federal district court in the North District of California.  The court where compliance with a subpoena is sought has discretion to transfer related motions to the issuing court "if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  As "the proponent of transfer," Mr. Porath's counsel "bears the burden of showing that such circumstances are present."  Fed. R. Civ. P. 45 advisory committee's note.  "The prime concern should be avoiding burdens on local nonparties subject to subpoenas . . . ."  *Id.*  However, transfer may be "warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion. . . ."  *Id.*; *see also Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court.").  Whether "exceptional circumstances" exist for a transfer turns on the particular facts of each case.  *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *6 (D. Nev. Aug. 15, 2014).  Thus, on the one hand, the court considers the burden on the party responding to the subpoena in the event of a transfer; on the other hand, the court considers factors such as judicial economy, docket management, and the risk of

inconsistent rulings.  *See, e.g*., *Moon Mountain*, 2014 WL 3378011, *3-4.  "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."  Fed. R. Civ. P. 45 advisory committee's note.

Based on the foregoing precepts, the court concludes that it should transfer this motion to the Northern District of California.  Here, the subpoena to Amazon.com was a part of a broader plan, directed and approved by the federal district court in the Northern District of California, to provide notice to absent class members of the demise of the class action, as well as a plan of distribution.  (*See* Mot., Exs. 3-4.)  As a part of their proposal to the federal district court in the Northern District of California, Mr. Porath's counsel submitted an exemplar of the Amazon.com subpoena to that court.  (*See id.*, Ex. 3.)  Thus, the federal district court in the Northern District of California has already reviewed the subpoena and provided its initial approval.  (*See id.*, Ex. 4.)  Because the federal district court has already ruled on issues related to the subpoena at issue "exceptional circumstances" exist warranting transfer of this motion to the Northern District of California.

Nevertheless, Amazon.com argues that it would be unfairly burdened by requiring it to litigate this motion to compel in the Northern District of California "[n]otwithstanding Amazon[.com]'s resources and [its counsel's] presence in San Francisco."  (*See* Resp. at 12.)  The court is not convinced.  In this case, the court concludes that the interests of judicial economy, case management, and the risk of

1  inconsistent rulings outweigh any burden Amazon.com suffers by litigating this issue in
2  the Northern District of California.
3      Because the court grants Mr. Porath's counsel's request to transfer this motion to
4  the Northern District of California, it does not consider whether to compel Amazon.com
5  to comply with the subpoena. Instead, the court reserves this issue for the federal district
6  court in the Northern District of California.

### III.  CONCLUSION

8      The court GRANTS in part and DECLINES TO RULE in part on Mr. Porath's
9  counsel's motion (Dkt. # 1). The court GRANTS Mr. Porath's counsel's request to
10 transfer this motion to the federal district court in the Northern District of California
11 pursuant to Federal Rule of Civil Procedure 45(f). Accordingly, the court DECLINES
12 TO RULE on the remainder of Mr. Porath's counsel's motion. Finally, the court
13 DIRECTS the Clerk to transfer this matter to the federal district court in the Northern
14 District of California and to close this file.
15     Dated this 12th day of May, 2020.

                                                JAMES L. ROBART
                                                United States District Judge